# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **Lauren Shepard** | : | |
| -Plaintiff- | : | **CIVIL COMPLAINT** |
| vs. | : | NO. _____ |
| | : | |
| **Joseph Muller** | | *JURY TRIAL DEMANDED* |
| **Adam Thompson** | : | |
| **City of Millville, New Jersey** | | |
| -Defendants- | : | |

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims.

2. Subject matter jurisdiction over this matter is derived from 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff Lauren Shepard is an adult individual residing in the State of New Jersey.

4. Defendants Joseph Muller ("Defendant Muller") and Adam Thompson ("Defendant Thompson") are or were at all relevant times police officers working for the Milleville, New Jersey Police Department with a principle place of business located at 18 S. High Street in Milleville, New Jersey.

5. Defendant City of Millville, New Jersey, is a municipal government and City in Cumberland County, New Jersey.

6. All relevant facts, circumstances, transactions and occurrences at issue in this matter occurred within the territorial bounds of the State of New Jersey as well as the District of New Jersey.

7. At all relevant times, Defendants Muller and Thompson were employed by

the City of Millville as police officers in the City of Millville Police Department.

8. At all relevant times the Defendants were acting under color of state law and were engaging in behavior and/or a course of conduct which served to violate Plaintiff's common law and constitutional rights.

9. On August 3, 2022, Plaintiff Shepard was driving home from work at approximately 6:14 p.m. on East Main Street in Milleville, New Jersey.

10. Plaintiff was traveling westbound on Main Street in the area of the Maurice River Bridge.

11. Milleville Police Officer Joseph Muller ("Defendant Muller") was on duty, in uniform and operating a marked police cruiser at least one car behind Plaintiff.

12. Defendant Muller activated his lights and sirens just before reaching the Marcus River Bridge with the intention of initiating a seizure of Plaintiff.

13. Defendant Muller claims that he did so because Defendant Thompson related to Defendant Muller over police radio that Plaintiff Shepard was suspected of having committed traffic violations approximately two months before on June 4, 2022, *to wit*, Careless Driving (N.J.S. 39:4-97) and Operating at a Slow Speed Blocking Traffic (N.J.S. 39:4-97.1).

14. At the time of the traffic stop, Defendant Muller had neither reasonable suspicion nor probable cause to believe that Plaintiff committed a crime or a recent traffic violation.

15. While he was on the Marcus River Bridge, Muller activated an airhorn and a third party driver pulled to the side and allowed Defendant Muller to pass.

16. At this point, Defendant Muller's cruiser was directly behind Plaintiff's

vehicle.

17. After passing Riverside Road, Plaintiff turned left onto Cedar Street and pulled over on the side of the road.

18. From the point in time that Defendant Muller was directly behind Plaintiff's car until she pulled over to the side of the road in compliance with Muller's signal, less than thirty seconds elapsed.

19. After Plaintiff stopped, Defendant Muller exited his vehicle.

20. Defendant Muller approached Plaintiff's vehicle.

21. Plaintiff did not roll down her window but identified herself by displaying her license, registration and proof of insurance to Officer Muller through her closed window.

22. Defendant Thompson arrived on scene at or about this time.

23. Defendant Muller and Thompson continually demanded that Plaintiff lower her window while Plaintiff was displaying her license, registration and proof of insurance.

24. Plaintiff did not feel safe during this interaction with the police.

25. As is related on body camera footage, defendants were intending on arresting Plaintiff although there was no basis in the law for doing so and Defendants lacked probable cause.

26. Indeed, Defendant Muller expressed his intention in this regard.

27. Ultimately, Plaintiff rolled down her window to give the Officers her documents, at which point the Defendants reached into her vehicle and began touching Plaintiff.

28. This physical touch was offensive to Shepard and caused Shepard to fear for her safety.

29. During the interaction, the Defendants discharged pepper spray in Shepard's face and in her eyes.

30. After spraying Shepard, Defendants pulled on Shepard's hair in order to remove her from the vehicle.

31. The Defendants grabbed her hair and her collar and yanked, causing injuries and pain to her neck.

32. Shepard was then violently slammed to the ground.

33. On information and belief, Shepard sustained bodily injury when she was removed from the vehicle which may be permanent in nature.

34. Thereafter, the Defendants and others prepared reports containing factual inaccuracies and alleging that Plaintiff committed criminal offenses that she had not in fact committed in order to justify their behavior on the day in question.

35. Ultimately, the false and frivolous charges against Plaintiff were dismissed by the Cumberland County Prosecutor's Office after they viewed the body camera footage which depicted the defendants' behavior on the day in question.

36. As a result of the Defendants' conduct, Plaintiff suffered physical and emotional injuries, monetary loss, damage to her reputation, embarrassment, humiliation and was forced to defend against frivolous and baseless charges.

### COUNT 1 – 42 U.S.C. § 1983
### Unreasonable Seizure
### Lauren Shepard vs. Joseph Muller and Adam Thompson

37. Plaintiff reincorporates all preceding paragraphs.

38. On or about August 3, 2022, Defendants Joseph Muller and Adam Thompson violated Ms. Shepard's rights under the Fourth Amendment to the United States Constitution.

39. Specifically, Defendants seized Plaintiff Lauren Shepard by initiating a motor vehicle stop with neither reasonable suspicion nor probable cause to believe that Ms. Shepard was violating or had recently violated a traffic law.

40. Defendants' conduct resulted in a direct restraint on Plaintiff's liberty.

41. In fact, the purported reason for the stop were traffic violations that allegedly occurred two months prior to the traffic stop.

42. Nor did Defendants have reasonable suspicion or probable cause to believe that that Lauren Shepard has committed or was committing a crime.

43. Nevertheless, the Defendants individually and together acted to seize Plaintiff in violation of her Fourth Amendment rights.

44. Moreover, but for the unlawful seizure of Plaintiff, everything that came after including Plaintiff's physical injuries and the need to defend against false and frivolous charges would not have occurred.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, punitive damages, reasonable attorney's fee and costs as to Defendants Joseph Muller and Adam Thompson.

## COUNT 2 – 42 U.S.C. § 1983
### Unreasonable Seizure/Unlawful Arrest
### Lauren Shepard vs. Joseph Muller and Adam Thompson

45. Plaintiff reincorporates all preceding paragraphs.

46. After stopping Plaintiff, Defendant Muller decided to arrest Plaintiff for eluding police without probable cause to do so.

47. Defendant Muller announced his intention in this regard and directed Thompson not to allow Plaintiff to leave.

48. Defendant Muller did not have probable cause to believe that the Plaintiff violated <u>any</u> criminal statute.

49. Defendants then escalated the situation, assaulted Plaintiff, placed her under arrest and created a false narrative to justify their behavior.

50. Defendant lacked probable cause to arrest Plaintiff and their actions were motivated by actual malice.

51. Defendants filed numerous charges against Plaintiff and made false allegations in police paperwork tending to support these charges.

52. Ultimately, the charges were resolved in Plaintiff's favor.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, punitive damages, reasonable attorney's fee and costs as to Defendants Joseph Muller and Adam Thompson.

### COUNT 3 – 42 U.S.C. § 1983
### Fourth Amendment/Excessive Force
### <u>Lauren Shepard vs. Joseph Muller and Adam Thompson</u>

53. Plaintiff reincorporates all preceding paragraphs.

54. As noted above, the Defendants seized the Plaintiff during the interaction at issue.

55. The seizure in question was objectively unreasonable in part because of the excessive force used by the Defendants.

56. The seizure in question was also unreasonable in light of the lack of probable cause to believe that Ms. Shepard committed any crime or traffic violation.

57. The nature of the seizure was unnecessary insofar as Plaintiff had not placed Defendants in fear of bodily harm, nor would any purported belief on their behalf be reasonable under the circumstances.

58. Insofar as the Defendants knowingly stopped Plaintiff without legal justification, they were not privileged to order her out of the car.

59. Far more force was used than was necessary and appropriate under the circumstances.

60. The use of pepper spray was excessive, unreasonable and unlawful.

61. The use of force in this case unreasonably caused the wanton infliction of pain and caused Plaintiff to needlessly suffer injury.

62. The force used by the Defendants placed the Plaintiff at a substantial risk of sustaining serious bodily injury to several areas of her body but most notably her neck.

63. Moreover, the act of pulling on a female's hair is an abhorrent action that is simply unacceptable under conventional standards.

64. Plaintiff sustained serious bodily injury as a result of the Defendants' conduct in this case.

65. Defendants made attempts to hide their misconduct by preparing reports which incorrectly recounted what occurred on the day in question.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, punitive damages, reasonable attorney's fee and costs as to Defendants Joseph Muller and Adam Thompson.

## COUNT 4 – 42 U.S.C. § 1983
### Malicious Prosecution
### Lauren Shepard vs. Joseph Muller and Adam Thompson

66. Plaintiff reincorporates all preceding paragraphs.

67. The instant claim is brought under both Section 1983 as well as New Jersey common law.

68. Defendants while acting under color of state law misused the machinery of the New Jersey criminal justice system for an improper purpose, that is, for a purpose other than bringing Plaintiff to justice.

69. Defendants initiated a prosecution for one or more offenses for which probable cause was lacking.

70. Defendants knew probable cause was lacking.

71. Defendants acted with malice.

72. Defendants also fabricated evidence in an attempt to justify the arrest and mislead members of the prosecution team about propriety of the charges against the Plaintiff.

73. Ultimately, the legal proceedings terminated in favor of the Plaintiff.

74. Plaintiff was injured by the Defendants action both insofar as there was a loss of liberty and the Plaintiff sustained mental anguish, stress and other actionable damages while the prosecution was pending in the courts.

75. In addition, Plaintiffs reputation was impugned by the Defendants' conduct in bringing charges against her without probable cause.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, punitive damages, reasonable attorney's fee and costs as to Defendants Joseph Muller and Adam Thompson.

### COUNT 5 – 42 U.S.C. § 1983
### False Imprisonment
### Lauren Shepard vs. Joseph Muller and Adam Thompson

76. Plaintiff reincorporates all preceding paragraphs.

77. The instant claim is brought under both Section 1983 as well as New Jersey common law.

78. Defendants arrested Plaintiff for one or more offenses for which probable cause was lacking which resulted in a direct deprivation of her liberty.

79. Defendants knew probable cause was lacking.

80. Defendants acted with malice.

81. Defendants also fabricated evidence in an attempt to justify the arrest and mislead members of the prosecution team about propriety of the charges against the Plaintiff.

82. Ultimately, the legal proceedings terminated in favor of the Plaintiff.

83. Plaintiff was injured by the Defendants action both insofar as there was a loss of liberty and the Plaintiff sustained mental anguish, stress and other actionable damages while the prosecution was pending in the courts.

84. Plaintiff was also injured by the excessive force utilized by the Defendants on the date in question.

85. In addition, Plaintiffs reputation was impugned by the Defendants' conduct in bringing charges against her without probable cause.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, punitive damages, reasonable attorney's fee and costs as to Defendants Joseph Muller and Adam Thompson.

## COUNT 6 – 42 U.S.C. § 1983
### Due Process/Fabricated Evidence
### Lauren Shepard vs. Joseph Muller and Adam Thompson

86. Plaintiff reincorporates all preceding paragraphs.

87. Defendants knew at all relevant times that the use of false evidence to initiate and support a prosecution amounts to a Due Process violation.

88. When Defendants arrested Plaintiff, they prepared official reports purporting to document their interactions with Plaintiff.

89. Said reports contained material factual inaccuracies that were designed to justify an otherwise improper arrest and prosecution.

90. Said inaccuracies improperly misled the prosecuting authorities.

91. Said inaccuracies were necessary to the filing of the charges and but for these inaccuracies the factual allegations underlying the charges would have been unwarranted.

92. Plaintiff suffered bodily injuries, loss of liberty, monetary damages, and other injury as a result of the Defendants' conduct.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, punitive damages, reasonable attorney's fee and costs as to Defendants Joseph Muller and Adam Thompson.

## COUNT 7 – 42 U.S.C. § 1983
### *Monell* Liability/Failure to Train
### Lauren Shepard vs. City of Millville, New Jersey

93. Plaintiff reincorporates all preceding paragraphs.

94. The instant count is brought under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and its progeny.

*Shepard v. Muller*, et al.                                                                                                          10

95. At all relevant times, Defendants Muller and Thompson were acting under color of law and pursuant to their employment with the Defendant City of Millville, New Jersey.

96. Defendant City of Millville was a municipal government acting under color of state law.

97. But for their employment with the City of Millville, New Jersey, the Defendants would have been unable to violate the Plaintiff's rights as alleged above.

98. As a local government, City of Millville was empowered to pass local laws or ordinances, set policies, establish standards, train employees, and ensure that its employees followed the law.

99. City of Millville did in fact pass local laws or ordinances, set policies, establish standards and train employees.

100. City of Millville, through its policymakers and others with authority, were deliberately indifferent to a culture which existed in the police department involving the excessive use of force by its police officers.

101. Defendant City of Millville was at all relevant times responsible for selecting, hiring, training, supervising and retraining all individuals hired as law enforcement officers in the City of Millville.

102. Defendant City of Millville promulgated policies, procedures, regulations, directives and the like which governed its police officers, their exercise of authority, the use of force, and their obligation to comply with the federal constitution.

103. However, since at least 2014 there have been instances of excessive force used by officers employed by the City of Millville such that a culture existed rendering the

use of excessive force commonplace and routine, or at least acceptable, in the City of Millville.

104. Numerous employees of Millville were involved in these incidents.

105. These incidents were well known to authorities and policymakers in the Millville government including elected officials and the Chief of Police.

106. These incidents were not properly addressed, the officers involved were not properly trained, retrained or disciplined and the City seemingly acquiesced in the behavior of the Officers involved.

107. City of Millville through its policymakers gave its blessing to these incidents and more specifically the force used during the same.

108. The status quo made it highly likely if not certain that individuals would have their rights violated as a result and in ways similar or identical to prior violations.

109. Policymakers deliberately did not address the issue and failed to act.

110. The decision to ignore this pattern and refrain from taking corrective action was itself a policy decision of the City of Millville.

111. The need for more or different training was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the City of Millville can reasonably be said to have been deliberately indifferent to the need to prevent instances of the excessive use force.

112. The policymakers' continued to adhere to an approach that they knew or should have known had failed to prevent tortious conduct by employees.

113. Without official action taken to address the instances of excessive force, Defendants Muller and Thompson felt free to use excessive force with impunity.

114. The deficiencies in the City's training program are closely related to the ultimate injury and were a proximate cause of the same, that is, the excessive use of force by Defendants Muller and Thompson used on the Plaintiff.

115. Plaintiff suffered actual, concrete injury as a result of the policy at issue, i.e., the deliberate decision by policymakers in the City of Millville government to ignore the concerning pattern of excessive force used by officers working in the City of Millville's police department.

**WHEREFORE**, Plaintiff Lauren Shepard demands compensatory damages, and reasonable attorney's fees and costs as to Defendant City of Millville, New Jersey.

Respectfully submitted,

Date: August 1, 2024

*Jason Javie*

**Jason Javie**
**Attorney for Plaintiff, Lauren Shepard**
523 Cooper Street
Suite 301
Camden, New Jersey  08103
856-782-1007
jason.javie@crllaw.com